38920. NIXON et al. v. GWINNETT COUNTY BOARD OF REALTORS, INC.

Marshall, Justice.

The plaintiffs are licensed by the Georgia Real Estate Commission as real estate salespersons, and they are suing to enjoin a county board of realtors from assessing dues indirectly against them and directly against the real estate broker with whom the plaintiffs are affiliated.

At the outset, it is necessary to undertake a brief discussion concerning boards of realtors, real estate brokers and salespersons, and the state government's regulation thereof:

It is unlawful for any person to engage in the business of brokering real estate transactions in this state without being licensed by the state as a real estate broker, associate broker, or salesperson. Code Ann. §§ 84-1401, 84-1402. However, there is no legal requirement that a real estate broker or salesperson also be a member of a board of realtors.

Local boards of realtors operate under the auspices of the National Association of Realtors. They are professional organizations composed primarily of real estate brokers, and they are organized for "mutual protection, interchange of ideas and statistics and for maintenance of standards within their industry." Appellee's brief, p. 9. Accordingly, members are required to subscribe to a Code of Ethics and observe certain professional standards. Salespersons are eligible for membership only if and while they are affiliated with a member broker.

Corporations are not eligible for membership in boards of realtors. For this reason, a real estate brokerage firm is not a member of a board of realtors as such, but rather is represented on a board of realtors by an individual broker who is a member of the firm. However, dues are assessed by a local board of realtors against a brokerage firm under a formula which bases the amount of dues on the number of member brokers and salespersons in the firm.

The plaintiffs in this case are affiliated with the Bob Wood Realty Company in Gwinnett County. Bob Wood is a member of the Gwinnett County Board of Realtors, and he is the "designated representative" of Bob Wood Realty Company on the board. The board of realtors has issued an assessment against Bob Wood Realty for 1982 dues, and, under this assessment, the amount of dues chargeable to affiliated salespersons is $137.50 each.

The plaintiffs filed this suit in the Gwinnett County Superior Court seeking to enjoin the Gwinnett County Board of Realtors from assessing the 1982 dues directly against Bob Wood and indirectly against them.

The plaintiffs argue that as a practical matter (although not as a legal matter) they are required to be members of the county board of realtors in order to be reasonably successful in the practice of the real estate brokerage business in the county. The plaintiffs further argue that the county board of realtors is a "labor organization" under Georgia's so-called Right-to-Work Statutes. Code Ann. §§ 54-704, 54-901 (d); see also Code Ann. § 54-701. Therefore, the plaintiffs argue that membership in the board and payment of dues to the board cannot be required of the plaintiffs as a condition of their right to practice their profession. Code Ann. §§ 54-902, 54-903; see also Code Ann. § 54-804.

After hearing oral testimony and considering documentary evidence, the superior court entered an order dismissing the complaint for failure to state a claim for relief against the defendant. The plaintiffs appeal.

1. The Gwinnett County Board of Realtors is most clearly and emphatically not a "labor organization" within the meaning of Georgia's Right-to-Work Statutes.

A "labor organization" is defined under Code Ann. § 54-701 as "any labor union or any organization or agency or employee representation, committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work." See, e.g., Commonwealth v. Shipherd, 41 A2d 429, 431 (Pa. 1945); Cole v. Commonwealth, 193 SE 517, 519 (Va. 1937); Black's Law Dictionary, p. 1015 (4th Ed. 1968).

The plaintiffs argue that the board is a "labor organization" within the meaning of the foregoing definition in that the board's arbitration manual establishes a procedure for the arbitration of employee grievances. We disagree. We have reviewed the arbitration manual, which is contained in the record, and we do not find that it establishes any procedure for the arbitration of employee grievances.

2. The requirement in the board's by-laws that only individuals and not corporations are eligible for membership is being complied with by Bob Wood Realty Company, in that Bob Wood is the official board member and he is the "designated representative" for Bob Wood Realty Company on the board.

3. The order entered by the superior court was more in the nature of a dismissal for failure to join an indispensable party rather than a dismissal for failure to state a claim for relief. See former Code Ann. §§ 81A-112, 81A-119 (Ga. L. 1966, pp. 609, 622, 630). In any event, since matters outside of the pleadings were considered by the trial judge in entering the dismissal, the dismissal was in effect the grant of summary judgment in favor of the defendant. See Code Ann. § 81A-112 (b).

In entering this final judgment in favor of the defendant, the superior court did not err.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 23, 1982.

*Macklyn A. Smith, Sr.,* for appellants.
*Quinton S. King,* for appellee.